*431 MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
The first certified question, in my opinion, should be answered affirmatively. It is my view that a board certified family practitioner should not have the required standard of care determined by a medical specialist who is not also a board certified family practitioner.
I am aware of this Court’s reasonings that have done away with the “locality rule” that has evolved into the questions we are faced with in this case. Tall Bull v. Whitney (1977), 172 Mont. 326, 564 P.2d 162; Aasheim v. Humberger (Mont. 1985), [215 Mont. 127,] 695 P.2d 824, 42 St.Rep. 235. However, this is not a “locality rule” advocation. Respondent’s brief appropriately addresses the problem created by the majority opinion:
“The family practitioner is typically the physician found in the small towns and communities around the State of Montana. In the course of their working day, they treat and attend to expectant mothers and new mothers, young children, broken bones, sickness and infection, the aches and pains of the elderly, heart troubles, weight problems, back problems, do some surgery and attend to emergencies. In doing that, they are obviously practicing in the field of obstetrics, pediatrics, orthopedic surgery, internal medicine, rheumatology, cardiology, dietary medicine, dermatology, gastroenterology, gynecology, surgery, emergency medicine and often psychology.
“To allow Appellant’s experts in the case now before the Court to testify against Respondent would mean that the family practitioner is not going to be held to the standard of care of a family practitioner but is going to be held to the standard of care of a specialist in whatever specialty the doctor happens to be caring for a patient at that particular time . . .
“The message that this Court would send to the family practitioners in the State of Montana would be that as you are treating the expectant mother or new mother, you will be expected to have the same degree of training, skill and experience as a specialist in obstetrics and gynecology, as you are treating the young children of your patients, you will be held to the standard of care of a pediatrician, as you are treating various problems of bones and joints, you will be held to the standard of care of an orthopedic surgeon, etc.”
The majority, by leaving discretion with thirty-six individual district judges to determine the qualifications of proposed medical witnesses to testify in another specialty, has introduced an element of uncertainty that on legal and public policy grounds, could be *432 avoided by answering “yes” to the first certified question. I would do so, and by doing so, would find support in the concept of selecting as Medical Legal Panel Members those “persons specializing in the same field or discipline as the Health Care Provider.” See, Section 27-6-402(2), MCA; Rule 9(c), Montana Legal Panel Rules of Evidence.